UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING,

    Plaintiff,

v.

KENNETH ROMANOWSKI, *et al*,

    Defendants.
_____/

Case No. 15-14129

Laurie J. Michelson
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION (DKT. 34, 45)**

**I.    PROCEDURAL HISTORY**

On November 24, 2015, plaintiff Thomas Snelling's complaint and first amended complaint were transferred from the United States District Court of the Western District of Michigan to this Court. (Dkt. 1, 2). In the order of transfer, Magistrate Judge Ellen S. Carmody dismissed MDOC and Director Heyns as defendants. (Dkt. 3). On December 11, 2015, District Judge Laurie Michelson issued an order referring all pretrial matters to Magistrate Judge Michael Hluchaniuk. (Dkt. 5). On January 5, 2016, this matter was reassigned to the undersigned magistrate judge pursuant to Administrative Order and all pretrial matters were then referred to the undersigned. (*See* Text-Only Order of Reassignment dated 1/5/16; Dkt. 6).

On March 23, 2016, this Court entered an order denying an emergency request for preliminary injunction and/or court order because it appeared at that time that the parties had successfully resolved the issues that were raised in Docket Nos. 7 and 8. (Dkt. 37). Indeed, attached to defendants' response was an affidavit that plaintiff purportedly agreed to which stated, in part: "All of the issues which supported my request for a preliminary injunction have now been addressed and resolved by staff at the Ionia Correctional Facility." (Dkt. 36-2, Pg ID 190). Plaintiff continued, "I would like to withdraw my Emergency Request for Preliminary Injunction and/or Court Order." (*Id*.) This court indicated that it would issue a briefing schedule in its regular course with respect to a second motion for preliminary injunction that plaintiff had filed on March 14, 2016. (Dkt. 34). Shortly after the March 23 Order was entered, plaintiff filed a "notice" with the court indicating that defendants had forced him to sign his affidavit supporting their response to his emergency request for preliminary injunction without reading it. (Dkt. 40). On April 27, 2016, plaintiff filed a third emergency motion for preliminary injunction and/or order from the court citing hostile retaliatory conduct by defendants. (Dkt. 45). On May 5, 2016, plaintiff filed a claim for severe retaliation and excessive abuse by Ionia Correctional Facility ("ICF") staff. (Dkt. 47). Plaintiff also provided a summary of the present conditions at ICF on May 5, 2015. (Dkt. 49). On May 6, 2016, defendants filed a sur-reply to

plaintiff's motion for preliminary injunction. (Dkt. 50).

On May 19, 2016, this Court held a hearing on plaintiff's two outstanding motions for preliminary injunction.[1] (Dkt. 34, 45). On May 19, 2016, plaintiff filed a response to defendants' sur-reply; however, the undersigned subsequently struck this response as improvidently filed.[2] (Dkt. 53). Plaintiff's motions for preliminary injunction (Dkt. 34, 45) are now ready for report and recommendation.

For the reasons that follow, the undersigned **RECOMMENDS** that plaintiff's Motions for Preliminary Injunction (Dkt. 34, 45) be **DENIED**.

## II. LEGAL ANALYSIS AND CONCLUSIONS

### A. Standard of Review

In determining whether injunctive relief is proper, the court considers four factors: (1) whether plaintiff has a strong likelihood of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). Although no single factor is

---

[1] Heather Powell, a prison counselor in Snelling's unit, testified at the hearing that plaintiff, although ordered and apprised of the purpose of his appearance, refused to appear at the hearing.

[2] Since the court's hearing on plaintiff's motion for preliminary injunction, plaintiff has sent three separate letters/mailings to the court. (Dkt. 55, 56, 58). In all three, plaintiff continues to apprise the court of his conditions of confinement at the Ionia Correctional Facility. Nothing in plaintiff's correspondence alters the court's conclusions herein.

controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one because injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *see also McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy."). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary

injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005). Motions seeking such preliminary injunctive relief must be more closely scrutinized than the already-disfavored motion for preliminary injunction which seeks to maintain the status quo. *See id.*

B. Legal Analysis

Plaintiff's two injunctions allege that defendants have retaliated against him for filing lawsuits against them. Plaintiff alleges that he has been denied access to his legal property, mail, and to the law library, he has been forced to skip medications and meals, he has not had proper mental health care, and defendants have fabricated misconduct that never occurred. Plaintiff asks to be transferred to another facility within the State of Michigan because he fears for his safety at ICF.

Defendants responded to plaintiff's second request for preliminary injunction (Dkt. 34) saying that all of the issues in plaintiff's request have been addressed and resolved. (Dkt. 39). Defendants attached the affidavit of plaintiff purporting to ask to withdraw his request. (Dkt. 39-2). Plaintiff filed a notice of retaliation on April 15, 2016 (Dkt. 43) indicating that he was again forced to sign the affidavit attached to defendants' response and documented similar retaliatory conduct as alleged in his original motion for preliminary injunction. Plaintiff filed

a third motion for preliminary injunction on April 27, 2016, alleging retaliatory behavior on the part of defendants. (Dkt. 45). Defendants filed a sur-reply to plaintiff's motions for preliminary injunction on May 6, 2016, arguing that plaintiff's motions should be denied because plaintiff has not met his burden of proof. Defendants also argued that plaintiff's motions for preliminary injunction should be denied because he seeks to enjoin non-parties, specifically officials at Ionia Correctional Facility ("ICF"), and the court does not have jurisdiction over those parties.

As courts have recognized, preliminary injunctive relief is designed to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Moody v. Bell*, 2009 WL 3011505, at *3 (S.D. Ohio June 26, 2009) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). As such, to be entitled to preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See Moody*, 2009 WL 3011505, at *4; *see also Atakpu v. Lawson*, 2006 WL 3803193, at *1-2 (S.D. Ohio Nov. 28, 2006) (prisoner's motion seeking injunctive relief for harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged denial of adequate medical care).

Here, plaintiff moves to enjoin certain officials at ICF for alleged retaliatory

conduct; however, those actions have no connection to the subject matter of plaintiff's lawsuit. Plaintiff's amended complaint alleges serious injuries that occurred at the Macomb Correctional Facility and against certain officials there for failing to protect him from harm in violation of the Eighth and Fourteenth Amendments. (Dkt. 2). The court has reviewed plaintiff's pleadings and could find no overlap in the officials that he named in his amended complaint with those that he names in his motions for preliminary injunction. Indeed, all of the defendants in the amended complaint appear to be officials at the Macomb facility, while his motion for preliminary injunction allege actions exclusively taken by officials at the Ionia facility.

This court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal quotation marks omitted); *see also Brown v. Unknown Johns,* 2007 WL 851859, *2 (W.D. Mich. 2007) (Where plaintiff seeks injunctive relief that is unrelated to the present lawsuit against non-parties, the plaintiff's recourse was to file a new lawsuit on his new claims). Moreover, it is questionable whether this Court would even have jurisdiction to grant such relief. *Herrara v. Dep't of Corrections*, 2011 WL 3862640 (E.D. Mich. 2011) (To the extent that the plaintiff seeks an injunction binding officials who are not parties to the action, the court lacks jurisdiction to enter the injunction) (citing

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.")) (citation omitted); *Guillen v. Thompson*, 2009 WL 2513501, *7 (D. Ariz. 2009); Fed.R.Civ.P. 65(d) (2) (injunction is binding only on parties, their agents, and persons acting in concert with parties). As such, there is simply no basis for the issuance of preliminary injunctive relief here.

Because there is no nexus between the officials plaintiff sued in his amended complaint and the officials he attempts to enjoin, in other words, the court lacks jurisdiction, it is not necessary to further consider the four factors associated with the merits of plaintiff's motion for preliminary injunction.

### III. RECOMMENDATION

For the above stated reasons, the undersigned **RECOMMENDS** that Plaintiff's Motions for Preliminary Injunction (Dkt. 34, 45) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985);

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 16, 2016                    s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on June 16, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: Thomas R. Snelling #262770, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov