UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS R. SNELLING, | Case No. 15-14129 |
| Plaintiff, | Laurie J. Michelson |
| v. | United States District Judge |
| KENNETH ROMANOWSKI, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 25)**

**I.    PROCEDURAL HISTORY**

On November 24, 2015, plaintiff Thomas Snelling's complaint and first amended complaint were transferred from the United States District Court of the Western District of Michigan to this Court. (Dkt. 1, 2). In the order of transfer, Magistrate Judge Ellen S. Carmody dismissed MDOC and Director Heyns as defendants. (Dkt. 3). On December 11, 2015, District Judge Laurie Michelson issued an order referring all pretrial matters to Magistrate Judge Michael Hluchaniuk. (Dkt. 5). On January 5, 2016, this matter was reassigned to the undersigned magistrate judge pursuant to Administrative Order and all pretrial matters were then referred to the undersigned. (*See* Text-Only Order of Reassignment dated 1/5/16; Dkt. 6).

1

On February 23, 2016, Michigan Department of Corrections defendants Kenneth Romanowski, George Stephenson, Merrianne Weberg, and Kristopher Steece filed a motion for summary judgment arguing that plaintiff failed to exhaust his administrative remedies as to the complaint allegations and that they are entitled to sovereign immunity. (Dkt. 25). Plaintiff responded on April 4, 2016. (Dkt. 42). And, defendants filed a reply brief that was one-day late on June 1, 2016, which was approved for filing by this court the following day. (Dkt. 54; *see also* Text-Only Order granting Dkt. 54 dated June 2, 2016). The motion is now ready for report and recommendation.

The Court has reviewed the pleadings associated with the pending motion, and being otherwise advised, for the reasons that follow, the undersigned **RECOMMENDS** that defendants' motion for summary judgment (Dkt. 25) be **GRANTED** and that MDOC defendants Romanowski, Stephenson, Weberg, and Steece be dismissed without prejudice.

II.     FACTUAL BACKGROUND

Plaintiff, Thomas Snelling, is a *pro se* prisoner who is currently confined in the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), in Ionia, Michigan. At all times giving rise to the actions in his Complaint, plaintiff was incarcerated at the Macomb Correctional Facility (MRF) in New Haven, Michigan. Plaintiff brings this civil rights action pursuant to 42

U.S.C. § 1983 claiming that the defendants violated his constitutional rights under the Eighth and Fourteenth Amendments and conspired to deprive him of substantive due process.  At the time of the actions in plaintiff's Complaint, defendants, Warden Kenneth Romanowski, Deputy Warden George Stephenson, Lieutenant Merrianne Weberg and Inspector Kristopher Steece were all employed at MRF.  Plaintiff specifically alleges that on October 7, 2013, he was seriously injured when he was assaulted by another prisoner at MRF.  According to plaintiff, defendants were aware of certain known risks to plaintiff yet failed to prevent a serious assault against him, and conspired to fabricate a false incident report to cover-up the incident.  Plaintiff claims he was placed in the intensive care unit as a result of his injuries and suffers from permanent brain injuries, including seizures.  Plaintiff sues all defendants in their individual and official capacities for monetary damages.

### III.    LEGAL ANALYSIS AND CONCLUSIONS

####     A.    Standard of Review

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).  The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004). In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not

4

satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

B. <u>Legal Analysis</u>

Defendants' primary argument is that plaintiff did not exhausted his administrative remedies before filing his Section 1983 complaint. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought

and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998) (No federal action shall be brought until such administrative remedies as are available are exhausted). In other words, a prisoner may not exhaust administrative remedies during the pendency of the federal lawsuit. *Larkins v. Wilkinson*, 1998 WL 898870, at *2 (6th Cir. Dec. 7, 1998).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedures and defendants bear the burden of showing otherwise. *See Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (a prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

Here, defendants have moved for summary judgment on the issue of whether plaintiff failed to exhaust his administrative remedies under the PLRA. However, as previously stated by a court in this district, summary judgment seems an inappropriate vehicle for adjudication because there is no determination on the

merits of the case, and no "judgment" is entered. *See Neal v. Raddatz*, 2012 WL 488827, at *2 (E.D. Mich. Jan. 12, 2012). Instead, a number of courts have characterized a request to dismiss for failure to exhaust administrative remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies . . . is an unenumerated 12(b) motion. . . ."). Based on the above, the *Raddatz* court determined that regardless of whether the motion is treated as one for summary judgment or as an unenumerated 12(b) motion, the result is the same. *Id*. at 3. If the court grants the motion, the dismissal will be without prejudice and it will not count as a strike under 28 U.S.C. § 1915(g). *Id*. The court concluded, however, that the latter approach, adjudicating the motion as an unenumerated motion under 12(b) was more consistent with the "true nature of

7

the motion."[1] *Id*.

Here, defendants set forth the proper administrative grievance process applicable to plaintiff's claims. The policy directive states, in pertinent part:

> E. Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant, including alleged violations of this policy and related procedures.
>
> \* \* \*
>
> P. Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration. If the complaint is not resolved, the grievant may file a Step I grievance. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with staff.
>
> \* \* \*
>
> R. A grievant shall use the Prisoner/Parolee Grievance form (CSJ-247A) to file a Step I grievance; a Prisoner/Parolee Grievance Appeal form (CSJ-247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter however, handwriting must be legible. The issues shall be stated briefly but concisely. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).

---

[1] The court also noted that there was no reason that the motion could not simply be designated as a "motion to dismiss pursuant to 28 U.S.C. § 1997e(a)."

> Dates, times, places and names of all those involved in the issue being grieved are to be included.
>
> * * *
>
> V. Within five business days after attempting to resolve a grievable issue with staff, a grievant may send a completed Prisoner/Parolee Grievance form (CSJ-247A) to the Step I Grievance Coordinator designated for the facility, field office or other office being grieved....

MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (effective date 07/09/2007) (Dkt. 25-2). Defendants note that plaintiff has filed four (4) Step III grievances while incarcerated at MRF. (Dkt. 25-3). Defendants contend that none of plaintiff's Step III grievances concern the allegations in plaintiff's complaint and therefore cannot serve to exhaust his claims.

Defendants also argue that the Eleventh Amendment bars any suit, absent consent, against the State. Because defendants are employees of the State who acted in their official capacities, and the State of Michigan has not consented to suit, all defendants enjoy sovereign immunity in their official capacities.

In response, plaintiff attempts to show that he perfected the grievance process with grievance MRF-14-02-0227-28e, which alleges that prison staff failed to keep "direct eye contact of watching the prisoners while doing their duties." (Dkt. 42, Pg ID 236). According to this grievance, plaintiff attempted to resolve this grievance with staff on December 2, 2013, but received no response.

9

(*Id.*)  According to MDOC policy, "[t]he Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with the appropriate staff."  (Dkt. 25-2, Pg ID 102 ¶ P).  Five days following his attempt to resolve the incident would make Snelling's Step I grievance due on December 10, 2013.  Yet, plaintiff did not write his Step I grievance until February 5, 2014, and it was not received by the grievance coordinator until February 21, 2014.  (Dkt. 42, Pg ID 236).  Therefore, under the terms of MDOC's policy, plaintiff's Step I grievance was untimely.

In plaintiff's Step II appeal, Snelling argues that his grievance cannot be untimely because he was in the hospital until November 2013.  (Dkt. 42, Pg ID 237).  However, according to the policy, "the grievant shall attempt to resolve the issue with the staff member involved within two business days."  (Dkt. 25-2, Pg ID 102 ¶ P).  Snelling acknowledges that he returned from the hospital in November 2013, yet he fails to explain why he did not resolve the issue with staff within two business days and waited until December 2, 2013.  Again, the undersigned finds that the Step II response supports the Step I rejection.[2]

Manager of the Grievance Section, Richard Russell, sent plaintiff a letter on

---

[2] As indicated by the MDOC, while Snelling claims that he did not receive a Step I or Step II grievance response, the undersigned notes that Snelling included his Step I and II responses in his response to defendants' motion (*see* Dkt. 42) and was able to raise the timeliness objection in his Step II appeal.  (Dkt. 42, Pg ID 237).

10

March 16, 2015, regarding Snelling's attempt to file Step III grievance appeals in Grievance Nos. MRF-14-02-0227-28e and MRF-13-12-1200-26a indicating that his appeals were being returned because his submission failed to include the Step I and Step II grievance documents. (Dkt. 54-2, Ex. A ¶ 10, Aff. of Richard Russell). Snelling was instructed to resubmit his appeals with the missing documentation or explain why it could not be included. (*Id.*) Snelling's Step III grievance report also reflects that his appeals were returned to him. (Dkt. 25-3, Pg ID 129-130). Furthermore, Manager Russell attests that plaintiff submitted no response as to either grievance appeal. (Dkt. 54-2, Ex. A, ¶ 11).

Based on this record, defendants have established that plaintiff did not properly exhaust the grievance procedure as outlined by MDOC Policy Directive 03.02.130. Accordingly, defendants are entitled to a dismissal for lack of proper exhaustion. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. Given the foregoing conclusions, the Court need not consider defendants' argument that they are entitled to sovereign immunity.

### III. RECOMMENDATION

For the above stated reasons, the undersigned **RECOMMENDS** that MDOC defendants' motion for summary judgment (Dkt. 25) be **GRANTED** and that MDOC defendants Romanowski, Stephenson, Weberg, and Steece be dismissed without prejudice.

11

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 10, 2016                         s/Stephanie Dawkins Davis
                                                     Stephanie Dawkins Davis
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

       I certify that on August 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: Thomas R. Snelling #262770, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 **Plaintiff's current address per MDOC OTIS.

                                                     s/Tammy Hallwood
                                                     Case Manager
                                                     (810) 341-7887
                                                     tammy_hallwood@mied.uscourts.gov