UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING,

    Plaintiff,

v.

KENNETH ROMANOWSKI, *et al.*,

    Defendants.

Case No. 15-14129
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [64] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25]**

    Plaintiff Thomas Snelling is a Michigan prisoner who has filed a *pro se* civil rights action. He claims that in October 2013, Michigan Department of Corrections' employees at the Macomb Correctional Facility knowingly put him into a dangerous situation with other inmates—causing him serious injury—and then covered up the incident. Defendants filed a motion for summary judgment, contending that Snelling failed to exhaust his administrative remedies prior to filing suit. (R. 25.) Magistrate Judge Stephanie Dawkins Davis, to whom all pretrial matters are referred (R. 5, 6), recommends granting Defendants' motion. (R. 64.) Snelling objects. (R. 67.)

    Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Snelling has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.[1]

---

[1] The Court is aware that Snelling has filed a notice of appeal regarding the report and recommendation. (R. 65.) As the Court has yet to issue a final judgment in this case, it has decided to issue this opinion.

Snelling first objects on the basis that his November 2013 hospitalization should have excused him from complying with the timeliness requirements for filing a Step I grievance under MDOC Policy Directive 03.02.130. (R. 67, PID 616–17.)

Under that policy, "[p]rior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control[.]" (R. 25–2, PID 102.) Then, "If the issue is not resolved, the grievant may file a Step I grievance . . . within five business days after the grievant attempted to resolve the issue with appropriate staff." (*Id*.)

Snelling's Step I grievance stemming from the October 2013 incident indicates that he attempted to resolve the issue on December 2, 2013. (R. 42, PID 236.) But his Step I grievance is dated February 5, 2014, well beyond the 5-days he had to file it after December 2, 2013. (*Id*.) And Snelling offers no explanation for why his November 2013 hospitalization, which occurred before he even attempted to resolve the issue, prevented him from filing a written grievance in December or January.

Snelling next seems to object that he was somehow "misled" or "obstructed" by an MDOC grievance coordinator. (R. 67, PID 617.) In some cases, allegations that MDOC officials interfered with the grievance process may warrant the denial of summary judgment on exhaustion grounds. *See Surles v. Andison*, 678 F.3d 452, 457 (6th Cir. 2012). But Snelling's bare allegation that a grievance coordinator engaged in some unspecified type of obstruction is not enough for him to survive summary judgment.

Snelling's next two objections concern the meaning of exhaustion under the PLRA. He first says that the PLRA requires only "fair notice" for exhaustion. (R. 67, PID 618–19 (citing *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated by Jones v. Bock*, 549 U.S. 199

(2007)).) He also says that MDOC's timeliness requirements for grievances should not be applied strictly. (R. 67, PID 618 (citing *Thomas v. Woolum*, 337 F.3d 720, 722 (6th Cir. 2003) *abrogated by Woodford v. Ngo*, 548 U.S. 81 (2006).) But the Supreme Court has made clear that exhaustion under the PLRA means "proper exhaustion." *See Woodford*, 548 U.S. at 93. And as part of the PLRA's exhaustion requirement, "[a] prisoner must adhere to any time limitations that are part of the institutional grievance policy." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (citations omitted). Thus, Snelling has a misunderstanding of the current legal standards for exhaustion under the PLRA, and these objections have no merit.

Snelling next objects that Defendants showed no evidence that he failed to exhaust. (R. 67, PID 618.) Similarly, he also raises a separate objection that a genuine issue of material fact surrounds whether he properly exhausted. (R. 67, PID 619.)

A prisoner's failure to exhaust his "intra-prison administrative remedies prior to filing suit is an affirmative defense under the PLRA." *Surles*, 678 F.3d at 457 (internal quotation marks and citation omitted). As such, Defendants bear the burden of proof to establish Snelling's failure to exhaust. *Id*. Because Defendants bear the burden of proof on exhaustion, their summary-judgment showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for [them]." *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted). Defendants have carried that burden here.

To reiterate, there is no question that Snelling was untimely in that he filed his Step I grievance well beyond five-days after trying to resolve the issue with MDOC staff. Additionally, according to documentation that Snelling himself has offered the Court, at Step III, his grievance was returned to him because he failed to include his Step I and Step II responses. (R. 42, PID 237; *see also* R. 54–2, PID 419; R. 25–3, PID 129.) MDOC's letter instructed Snelling that upon

3

including his Step I and Step II responses (or giving reasons why the responses were not included), his Step III appeal would be addressed. (R. 42, PID 237.) Nothing in the record suggests that Snelling ever complied with that request. He now seems to say that he could not have included his Step I and Step II responses because he never received them. (R. 42, PID 237.) But the Step II response is clearly indicated on the copy of the Step II and III grievance form Snelling has provided the Court. The response reads, "This appeal is being denied at Step II as the reason for rejection at Step I has been found to be consistent with PD-03.02.130." (R. 42, PID 238.) Additionally, the response section in his Step I grievance says, "See attached response/receipt." (R. 42, PID 236.) While it is not clear whether the attachment itself is in the record, it is clear that Snelling received it, along with the reason that his Step I grievance was rejected (untimeliness)—in his Step II appeal, he expressly argued that his Step I grievance was not untimely because of his hospitalization. (R. 42, PID 238.)

Thus, the Court sees no error in the magistrate judge's conclusion that Defendants have demonstrated that Snelling failed to exhaust his administrative remedies prior to filing suit. No reasonable finder of fact could find otherwise on this record.

Next, Snelling objects that the Court "made no response to motions, request for amended complaint, discovery, request for different judge mag. [sic], no response to defendants taking video conf from plaintiff on May 19, 2016." (R. 67, PID 619.) This has nothing to do with the magistrate judge's report and recommendation at issue here. And the Court has already ruled on Snelling's various motions for injunctive relief. (R. 63.)

Finally, Snelling objects that "[a] very good portion of docs were fabricated and lots of lying like R. Russell, [illegible] and admissions by Atty's Al. Soros." (R. 67, PID 619.) He does not elaborate on which documents were allegedly fabricated. Richard Russell, for instance,

4

submitted an affidavit describing MDOC's grievance policy and the process involving Snelling's grievance relevant to the October 2013 incident, MRF-14-02-0227-28e. (R. 54–2.) But Russell's affidavit is fully consistent with the record evidence he describes, including the documents surrounding Snelling's grievance and MDOC's policy directive. Thus, this objection has no merit.

For the reasons stated, having reviewed the report and recommendation (R. 64) and Snelling's objections (R. 67), the Court will ADOPT the report and GRANT Defendants' motion for summary judgment (R. 25). It follows that Defendants Romanowski, Stephenson, Weberg, and Steece are DISMISSED without prejudice.

**SO ORDERED.**

Dated: September 28, 2016

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2016.

s/Keisha Jackson
Case Manager